

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2004

# Cella v. Villanova Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1749

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Cella v. Villanova Univ" (2004). *2004 Decisions.* Paper 217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-1749

ROBERT J. CELLA, JR.,

Appellant

v.

VILLANOVA UNIVERSITY; ARAMARK

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cv-07181)
Chief Judge: James T. Giles

Argued on May 24, 2004

BEFORE: ROTH and STAPLETON, <u>Circuit Judges</u>, and
SCHWARZER,[*] <u>Senior District Judge</u>

(Opinion Filed : October 19, 2004)

Jeanne M. Cella, Esquire (Argued)
Black & Associates
327 West Front Street
P.O. Box 168
Media, PA 19063
        <u>Counsel for Appellant</u>

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the
Northern District of California, sitting by designation.

Neil J. Hamburg, Esquire (Argued)
JuHwon Lee, Esquire
Michael E. Sacks, Esquire
Hamburg & Golden
1601 Market Street, Suite 3310
Philadelphia, PA 19103

Hope A. Comisky, Esquire (Argued)
Pepper Hamilton
18th & Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103

Counsel for Appellees

OPINION

ROTH, Circuit Judge:

In this appeal, Robert Cella claims that he suffered discrimination and a hostile work environment because of a physical impairment to his right elbow, diagnosed as lateral epicondylitis, or more colloquially, "tennis elbow." After being fired from his custodial job, he sued his alleged employers, Villanova University and Aramark Facilities Services, Inc., under the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA). The District Court granted summary judgment in favor of defendants, finding that Cella had failed to prove that his impairment substantially limited one of his major life activities and that he had failed to present evidence showing Aramark to be his employer. On March, 14, 2003, Cella filed the present appeal.

We exercise plenary review over an order granting summary judgment. Detz v.

2

Greiner Indus., Inc., 346 F.3d 109, 115 (3d Cir. 2003). Summary judgment is only granted if "there is no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). We must draw all factual inferences and resolve all doubts in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). We have jurisdiction in this case pursuant to 28 U.S.C. §1291.

Because we write only for the parties and the facts are familiar to them, we will not repeat the facts here.

To be covered under the ADA (or PHRA[**]), Cella had to show that he was a "qualified individual with a disability" as defined by the Act. 42 U.S.C. §12111(8). The Act defines a "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." Id. § 12102(2). There is no question in this case that Cella's elbow problems qualify as a physical impairment.[***] The only question for us, then, is whether his elbow problems "substantially" limited one of his "major life activities."

---

[**]As the District Court recognized, claims under the PHRA are generally subject to the same analysis as claims under the ADA. See Salley v. Circuit City Stores, Inc., 160 F.3d 977, 979 n.1 (3d Cir. 1998) (noting that "Pennsylvania courts generally interpret the PHRA in accord with its federal counterparts, among them the ADA," and that without objection by the parties, one analysis under the ADA suffices). Neither party contests this point.

[***]Although Cella is currently undergoing treatment for a mental impairment as well, he did not claim this as the basis of his discrimination before the District Court; thus, it is only the physical impairment that we are considering.

3

The District Court held, and we agree, that Cella has failed to prove that his impairment substantially limited a major life activity. Major life activities include "those activities that are of central importance to daily life." Toyota Motor Mfg. Ky., Inc. v. Williams, 534 U.S. 184, 197 (2002). This inquiry is directed not at an employee's ability to perform a specific job but rather entails a review of many activities, such as "household chores, bathing, and brushing one's teeth." Id. at 201-02. Furthermore, the limitation must be substantial; we do not consider "impairments that interfere in only a minor way." Id. at 197. For example, in Toyota Motor Mfg., 534 U.S. at 202, the fact that the claimant avoided sweeping her house, stopped dancing, occasionally needed help dressing, and had to reduce the amount of time she spent playing with her children, gardening, or driving was not enough to establish as a matter of law that she was covered under the ADA.

Cella's doctors put him on restriction from lifting over ten pounds for a period of time, but we have previously held that this kind of limitation alone does not establish that the impairment substantially limits a major life activity. See Marinelli v. City of Eerie, 216 F.3d 354, 364 (3d Cir. 2000). Furthermore, Cella had the burden to show that the impairment's impact was "permanent or long-term." Toyota Motor Mfg., 534 U.S. at 198 (citing 29 C.F.R. §§ 1630.2(j)(2)(ii)-(iii)(2001)).

Cella did not submit sufficient evidence to demonstrate that his impairment substantially limited major life functions at the time during which he was employed by Villanova. As the District Judge noted, Cella could perform major life functions, albeit

4

with some pain. He never put forth evidence to establish that his injury would be permanent or long term, and there is nothing in the record to indicate that his injury substantially limited any major life functions during the time that he was employed by Villanova.

For the foregoing reasons, we will affirm the judgment of the District Court in favor of defendants.